[Cite as *State v. Coleman*, 2012-Ohio-2399.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
|  | : | W. Scott Gwin, P.J. |
|  | : | William B. Hoffman, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2011CA00157 |
|  | : |  |
|  | : |  |
| CHANDRA COLEMAN | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:      Criminal Appeal from Massillon
                             Municipal Court Case No.
                             2010CRB2650

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      May 29, 2012

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

ROBERT A. ZEDELL                      GEORGE URBAN
Massillon Law Department              116 Cleveland Ave., N.W.
Two James Duncan Plaza                Suite 808
Massillon, Ohio  44646                Canton, Ohio   44702

*Edwards, J.*

{¶1} Appellant, Chandra Coleman, appeals a judgment of the Massillon Municipal Court convicting her of theft in violation of R.C. 2913.02(A)(1) and sentencing her to 180 days incarceration with 150 days suspended. Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2} On December 16, 2010, Lori Stolte, a loss prevention officer at Burlington Coat Factory, noticed appellant selecting merchandise without checking for size or condition. This conduct made Stolte suspicious. Appellant selected several items from the little girls department and several items from the little boys department. Appellant had placed her partially-empty cloth purse in the area of the cart where a small child sits. Initially, appellant placed the clothing on top of the purse. Stolte later saw appellant fold the items and place them under her purse. Appellant had no other items in her cart. She then went to the front of the store and stood next to a person in line at the checkout.

{¶3} Although appellant waited in the checkout line for 15 minutes, she did not attempt to pay for the items. Appellant exited the store with the unpaid items in her cart. Stolte confronted her in the parking lot. Appellant told Stolte initially that she did not have anything under her purse. She then told Stolte that she simply forgot the items were there. The cost of the items totaled $71.95.

{¶4} Patrolman Todd Macaluso from the Jackson Township Police Department arrived at the store after Stolte called the police. He spoke with appellant at the store. She told the officer that she forgot to pay for the items. She declined to write a written statement.

{¶5}  Appellant was charged with theft.  The case proceeded to jury trial in the Massillon Municipal Court.  Appellant testified at trial that she came to the store with a friend to get some Christmas items out of layaway.  She got the items out of layaway and claimed the bag containing these items was in her cart. While in the store, she selected the children's clothing items in her cart as Christmas presents for her great-niece and great-nephew.  She also looked at luggage for her mother because her mother travels a lot, but she did not have enough money or room on her credit card to purchase luggage.  She testified that she never folded the clothing and simply placed her purse on top of the clothing after checking to see if she had enough money to buy the luggage.  She then met her friend in line at the front of the store intending to checkout.  While in line, her niece called her and said that appellant's mother had just fallen and "busted her head."  Tr. 94.  Appellant testified that she became very upset and began crying in line because she had been very concerned about her mother's health.  She testified that she was not yet outside the store but was in the area between the two doors to the store when she realized she had the items in her cart and turned around to put them back.  However, Stolte apprehended her at that point.  She testified that she told Stolte about her concerns for her mother and that she was upset at the time.  She testified that she believed Stolte called the police because appellant called Stolte a "damn liar" during their encounter in the store.

{¶6}  Appellant was found guilty by the jury and convicted of theft.  She was sentenced to 180 days incarceration with 150 days suspended.  She assigns three errors on appeal:

{¶7} "I. THE DEFENDANT'S CONVICTION FOR ONE COUNT OF THEFT IN VIOLATION OF R.C. 2913.02 WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶8} "II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

{¶9} "III. APPELLANT WAS DENIED A FAIR TRIAL AS A RESULT OF PROSECUTORIAL MISCONDUCT."

I

{¶10} In her first assignment of error, appellant argues that her conviction is against the manifest weight and sufficiency of the evidence.

{¶11} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶12} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶13} Theft is defined by R.C. 2913.02(A)(1):

{¶14} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

{¶15} Without the consent of the owner or person authorized to give consent;"

{¶16} Appellant specifically argues there was no evidence that she acted with purpose as defined by R.C. 2901.22(A):

{¶17} "(A) A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

{¶18} Appellant argues that her testimony establishes that she was distraught over news of her mother's fall and simply forgot to pay for the items. However, her testimony was directly controverted by the testimony of Stolte. Stolte testified that she observed appellant grab items without checking for sizes or condition. Appellant folded the items and placed them under her purse, flattening her cloth purse on top of the items. She observed appellant in the checkout line and did not see appellant speak on her cell phone, nor did appellant appear to be upset or crying in the line. She testified that appellant never told her that she was upset about her mother, but rather first claimed she did not have any items and then claimed she forgot to pay. Patrolman

Macaluso also testified that appellant said nothing to him about an emergency and stated simply that she forgot to pay.

**{¶19}** Clearly the jury chose to reject appellant's testimony. Stolte's testimony was sufficient, if believed by the jury, to find that appellant acted with purpose. The judgment is not against the manifest weight or sufficiency of the evidence. The first assignment of error is overruled.

II

**{¶20}** In her second assignment of error, appellant argues counsel was ineffective for failing to object to impermissible expert opinion testimony by Stolte.

**{¶21}** A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

**{¶22}** Stolte testified that she believed appellant was purposely placing items under her purse to conceal them. Appellant argues that Stolte's testimony concerning appellant's state of mind violated Evid. R. 701:

**{¶23}** "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1)

rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."

{¶24} Stolte's testimony that appellant was purposely placing the items under her purse was rationally based on her perceptions in the store. Stolte had worked for 20 years as a loss prevention officer. Her conclusion that appellant acted purposely was based on her observations of appellant taking items without checking for size or imperfections , folding the items and flattening her purse on top of the items. Further, the evidence was helpful to the jury's understanding of her testimony concerning why she watched appellant and ultimately confronted her outside the store and to determining a fact in issue, namely appellant's state of mind. Appellant has not demonstrated that had counsel objected, the objection would have been sustained and she would have been acquitted.

{¶25} The second assignment of error is overruled.

III

{¶26} In her final assignment of error, appellant argues that the prosecutor committed misconduct in closing argument. The prosecutor stated:

{¶27} "State believe (sic) Chandra Coleman is guilty because of the fact she folded these items and placed them under her purse, and then stood next to the check out (sic) line making no attempts whatsoever to check out. Never looking down to check her cart, never picking up her purse to make sure there are no items in the cart. Even though she said her intention was to buy items for her nieces and nephews she completely forgot about them in her cart. Doesn't sound very believable to me and the State believes she is guilty because of this and I would ask that you find the same."

**{¶28}** Appellant concedes that she failed to object and we must find plain error in order to reverse. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978); Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

**{¶29}** The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990). In reviewing allegations of prosecutorial misconduct, we must review the complained of conduct in the context of the entire trial. *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).

**{¶30}** Parties are given wide latitude when making their closing arguments. *State v. Hand,* 107 Ohio St.3d 378, 397, 840 N.E2d 151, 2006–Ohio–18, citing *Lott.* The state can summarize the evidence and draw conclusions as to what the evidence shows. *Id.* at 165. However, the prosecution must avoid insinuations and assertions that are calculated to mislead the jury. *State v. Smith*, 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984). Prosecutors also may not render their personal beliefs regarding the guilt of the accused. *Id.* Nevertheless, since isolated instances of prosecutorial misconduct are usually harmless, any alleged misconduct in the closing argument must be viewed within the context of the entire trial to determine if any prejudice has occurred. See *State v. Lorraine*, 66 Ohio St.3d 414, 420, 613 N.E.2d 212 (1993).

{¶31} While the prosecutor should not have commented on her personal belief of appellant's guilt, the remarks in the instant case were isolated and limited solely to rebuttal closing argument. Viewed in the context of the entire trial, we cannot find plain error. The testimony of Stolte, which clearly the jury believed over appellant's testimony, established that appellant placed the items under her purse and left the store without paying for them. Based on the evidence presented, we cannot conclude that had the prosecutor not made these limited remarks about her personal beliefs of guilt, appellant would have been acquitted.

{¶32} The third assignment of error is overruled.

{¶33} The judgment of the Massillon Municipal Court is affirmed.


By: Edwards, J.

Gwin, P.J. and

Hoffman, J. concur

_____

_____

_____

                                           JUDGES

JAE/r0214

[Cite as *State v. Coleman*, 2012-Ohio-2399.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                     :

                       :

           Plaintiff-Appellee    :

                       :

                       :

-vs-                            :          JUDGMENT ENTRY

                       :

CHANDRA COLEMAN       :

                       :

          Defendant-Appellant  :          CASE NO. 2011CA00157

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Massillon Municipal Court is affirmed.  Costs assessed to appellant.

 

_____

 

_____

 

_____

JUDGES